## THE AMERICAN EAGLE.

District Court, D. Delaware. November 12, 1928.

Howard M. Long, of Philadelphia, Pa., for libelant.

William G. Mahaffy, of Wilmington, Del., for intervener.

Willard M. Harris, of Philadelphia, Pa., for petitioner.

MORRIS, District Judge. The dredge American Eagle was sold under proceedings in admiralty. The proceeds of sale are insufficient to pay all claims against it. Under the orders of reference of uncontested libels, each libelant was empowered, not only to prove the validity and amount of his own lien, but as well to contest both the validity and amount of any other claim. To the libel of Norfolk Shipbuilding & Dry Dock Corporation another libelant, American Car & Foundry Company, by leave of court filed its answer. Trial was had before the court upon stipulated facts. The court found that the libelant had an unsatisfied maritime lien against the dredge, and that the amount thereof was $5,808.39. The matter was then referred to the commissioner to find the rank or priority of the lien. About a month thereafter L. B. Shaw, who had also filed a libel against the dredge and made proofs of his claim before the commissioner, presented his petition, praying the court to open or vacate its decree, and that the petitioner be afforded an opportunity to present a defense challenging the validity of the lien of the Norfolk Shipbuilding & Dry Dock Corporation.

The grounds relied upon by the petitioner to move the court to grant to him the relief asked are that he had no notice of the time of the trial, and that the order of reference to the commissioner affords to the petitioner no opportunity to contest before that officer the validity of the lien of the Norfolk Corporation.

■■■ Was the petitioner entitled to such notice? The libel of the Norfolk Corporation was filed December 10, 1927; the answer of the American Car & Foundry Company January 27, 1928. The stipulation was filed, trial had, and decree entered September 21, 1928. During the period of more than nine months elapsing between the filing of the libel and the entry of the decree, the petitioner herein made no application for leave to intervene. If he was aware of any defense to the validity of the lien of the Norfolk Corporation, he stood aside and left such defense in the hands of the American Car & Foundry Company. In effect his complaint now is that he is not satisfied with the American Car & Foundry Company's conduct with respect to that defense. No reason other than an asserted reliance upon the Foundry Company to make the defense of invalidity is set up to justify petitioner's failure to intervene prior to the trial and entry of the decree. By laches one may lose a right to intervene. United States v. Northern Securities Co. (C. C.) 128 F. 808, 810. I think such right has been so lost here. Not having intervened, the petitioner was not entitled to notice of the time of trial.

■■■ Nor was the order of reference defective in not providing an opportunity for the petitioner to contest before the commissioner the validity of the lien. Admiralty rule No. 46 provides for trial before the court. Obviously this rule presupposes findings by the court, followed by a decree upon at least the basic issue, to wit, validity of the asserted lien. Upon trial by the court, that issue is not one to be referred to the commissioner.

The prayer of the petition must be denied, and the petition dismissed.